**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

SEAN P. MCGANN,                    :
                                   :
                  Plaintiff,       :
                                   :
         v.                        :
                                   :
COLLINGSWOOD POLICE DEPARTMENT,:
CAMDEN COUNTY PROSECUTOR'S          :
OFFICE, AND CAMDEN COUNTY          :
CORRECTIONAL FACILITY,             :
                                   :
                  Defendants.      :
_____:

                              Civil Action No.
                              10-cv-3458 (NLH)(KMW)

                              **OPINION**

<u>**APPEARANCES**</u>:

Sean P. McGann
3209 Baring Street
Philadelphia, PA 19104
*Pro Se*

Dean R. Wittman, Esquire
and
Matthew B. Wieliczko, Esquire
Zeller & Wieliczko, L.L.P.
Woodcrest Pavilion
10 Melrose Avenue
Suite 400
Cherry Hill, N.J. 08003
*Attorneys for Defendant Collingswood Police Department (Borough
of Collingswood)*

Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
One Centennial Square
P.O. Box 3000
Haddonfield, N.J. 08033-0968
and
Anne E. Walters, Esquire
Shimberg & Friel, P.C.
20 Brace Road
Suite 350
Cherry Hill, N.J. 08034
*Attorneys for Defendant Camden County Prosecutor's Office*

Catherine Binowski
Office of County Counsel
50 Market Street
14th Floor Courthouse
Camden, N.J. 08102
*Attorney for Defendant Camden County Correctional Facility*

**HILLMAN, District Judge**

Plaintiff, Sean P. McGann, alleges in his complaint that
defendants, the Borough of Collingswood,[1] the Camden County
Prosecutor's Office, and the Camden County Correctional Facility
(collectively, "Defendants"), violated his constitutional rights.
Defendants now move to dismiss Plaintiff's suit.  Plaintiff, in
turn, moves for default judgment.  For the reasons expressed
below, Defendants' motions will be granted.  Plaintiff, however,
will have leave to amend his complaint.[2]  Further, Plaintiff's

_____

[1] Plaintiff names as a defendant the Collingswood Police
Department.  In its motion to dismiss, however, the Borough of
Collingswood identifies itself as the proper defendant given that
a police department is an agency of a municipality and cannot be
sued independently.  The Borough is correct and for that reason
the Court will refer to the Borough as the defendant.  <u>See</u>
<u>Padilla v. Twp. of Cherry Hill</u>, 110 F. App'x. 272, 278 (3d Cir.
2004) ("In Section 1983 actions, police departments cannot be
sued in conjunction with municipalities, because the police
department is merely an administrative arm of the local
municipality, and is not a separate judicial entity." (citation
and internal quotation marks omitted)); <u>see also</u> <u>Bonenberger v.</u>
<u>Plymouth Twp.</u>, 132 F.3d 20, 25 n.4 (3d Cir. 1997) ("As in past
cases, we treat the municipality and its police department as a
single entity for purposes of section 1983 liability."); N.J.S.A.
40A:14-118 (declaring that New Jersey police departments are "an
executive and enforcement function of municipal government").
Identifying the Borough as the defendant in no way alters the
analysis to follow.

[2] The Court notes that on March 21, 2011, the Magistrate
Judge assigned to this matter denied Plaintiff's motion for pro

motion for default judgment will be denied.

I.    **JURISDICTION**

Plaintiff has brought federal constitutional claims pursuant to 42 U.S.C. § 1983.[3]  The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

II.   **BACKGROUND**

On December 22, 2006, officers of the Collingswood Police Department arrested Plaintiff outside of his apartment, on suspicion of theft.[4]  At the time of his arrest, Plaintiff had been employed as a police officer with the Collingswood Police Department for about eight years.  The officers did not have a warrant for the arrest or inform Plaintiff as to why he was being detained.[5]  The officers searched Plaintiff's person and seized

_____

bono counsel, without prejudice.  Plaintiff has since moved again for pro bono counsel.  This Court expresses no opinion on that application and expects plaintiff to proceed *pro se* unless and until that application is approved.

[3] Plaintiff does not specifically cite Section 1983, but that statute poses the proper vehicle to advance his federal claims, constitutional in nature and alleging violations to his civil rights.  Therefore, the Court will construe Plaintiff's claims as Section 1983 claims.

[4] Given that the present matter comes before the Court by way of Defendants' motions to dismiss, Plaintiff's allegations are accepted as true and viewed in a light most favorable to him, as is required when reviewing a motion to dismiss.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

[5] Plaintiff alleges in a subsequent "affidavit" that the individual who placed him under arrest and searched him was a citizen and not a police officer, though members of the Collingswood Police Department were present.

3

approximately $1,500 incident to the arrest.  Plaintiff was
transported to police headquarters where he was given his Miranda
warnings and interrogated by representatives of the Camden County
Prosecutor's Office.  During the interrogation, Plaintiff
admitted to two thefts from within the Collingswood Police
Department.  At the time of his arrest and interrogation,
Plaintiff was intoxicated.

After the interrogation, Plaintiff was transported back to
his apartment and was forced to observe members of the
Collingswood Police Department conduct an illegal search of his
residence and illegally seize his personal items.  Officers
showed Plaintiff drug-related contraband purportedly seized from
inside his bedroom.  Plaintiff did not recognize the contraband
and hypothesizes that it may have been planted by Defendants.[6]

At the police station, Plaintiff was charged with official
misconduct, without being charged for an underlying offense.
Thereafter, Plaintiff was informed that he could go to jail or a
crisis center.  Even though he did not exhibit symptoms of mental
illness, Plaintiff chose to go to JFK Hospital's Crisis Center
where he received medications.  From there, he was detained
against his will at a behavioral health facility until his
retained counsel secured his release.

_____

[6] However, Plaintiff's complaint does not allege that he was
ever charged with a drug-related offense.

4

On the advice of his counsel, Plaintiff accepted a plea
agreement in which he pled guilty to third-degree theft and had
the official misconduct charge dropped.  Plaintiff contends he
was unaware that he was pleading guilty to a felony charge.  He
was sentenced to six months of house arrest, beginning on July 4,
2007.

While on house arrest, Plaintiff informed his house arrest
officer that he needed to report to JFK Hospital's Crisis Center
to receive medical attention.  The officer assured him this would
not violate the terms of his house arrest.  Plaintiff went to the
crisis center.  There, Plaintiff passed out from medications
administered to him.  When he awoke, Plaintiff was incarcerated
in the Camden County Correctional Facility.  He was advised he
had been arrested for violating his house arrest.  Plaintiff
served two-and-a-half months in solitary confinement and suffered
abuse and humiliation at the hands of prison officials until his
release on October 12, 2007.  Upon his release, he was subject to
three years of probation.

On February 3, 2008, Plaintiff was arrested for violating
the terms of his probation.  He was arrested in Philadelphia,
Pennsylvania, but transferred to Camden County Correctional
Facility approximately two weeks later.  While in jail, Plaintiff
was served with a temporary restraining order ("TRO") on behalf
of his ex-girlfriend.  Sometime after being released, Plaintiff

was sentenced to one-year probation for violating the TRO.
Ultimately, Plaintiff succeeded in having the TRO dismissed at a
hearing to consider a final restraining order, in spite of
possible attempts to influence the fact-finder by law enforcement
personnel.

Apparently throughout 2009, Plaintiff contacted the
Collingswood Police Department repeatedly to collect pay from
unused sick days and to recover personal items that had been
improperly seized by members of the Department.  In addition to
frustrating his attempts to collect the money and his belongings,
the Collingswood Police Department unlawfully charged him with
harassment on an unspecified number of occasions.  At least one
charge of harassment resulted in Plaintiff being sentenced and
assessed for fines.

In July 2010, Plaintiff brought suit against Defendants in
this Court, alleging violations of his constitutional rights.[7]
Since that time, Defendants have moved to dismiss Plaintiff's
complaint, arguing that his Section 1983 claims are barred by the
statute of limitations.  The Borough of Collingswood also argues
that Plaintiff's complaint fails to state a claim upon which
relief can be granted.  Plaintiff, in turn, moves for default

---

[7] It appears that Plaintiff originally attempted to file
suit in the Eastern District of Pennsylvania in or around June
2010.  The precise date of that filing is unclear on the record.
The Eastern District dismissed the complaint and directed
Plaintiff to re-file in this Court.

judgment against the Camden County Prosecutor's Office and the Camden County Correctional Facility.

## III. DISCUSSION

### A. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'" (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true,

7

but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B.   Statute of Limitations for 42 U.S.C. § 1983**

Defendants argue that Plaintiff's Section 1983 claims should be dismissed because the claims' two-year statute of limitations expired prior to Plaintiff filing the current complaint. In response to Defendants' motions, Plaintiff contends that

equitable principles should prevent his claims from being dismissed.  More specifically, Plaintiff believes that Defendants' harassment and the fear of retaliation should have tolled the statute of limitations until sometime after his probationary period ended.  In an additional, unauthorized filing, Plaintiff also cites to the doctrine of continuing violations to justify the timeliness of his claims.

The accrual date of a Section 1983 civil rights action is entirely a question of federal law.  Wallace v. Kato, 549 U.S. 384, 388 (2007); Fullman v. Pa. Dep't of Corr., 265 F. App'x 44, 46 (3d Cir. 2008).  "The limitations period for purposes of § 1983 claims begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  Fullman, 265 F. App'x at 46 (citation and internal quotation marks omitted).  Although federal law governs the accrual date, the applicable limitations period for a Section 1983 claim is the statute of limitations for personal injuries in the state in which the cause of action arose.  Wallace, 549 U.S. at 387; Marcum v. Harris, 328 F. App'x 792, 795 (3d Cir. 2009).  Plaintiff's causes of action arose against Defendants in the State of New Jersey.  In New Jersey, the statute of limitations for personal injury claims, and thus for Section 1983 claims, is two years.  See N.J.S.A. 2A:14-2(a); Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (citing Cito v.

9

<u>Bridgewater Twp. Police Dep't</u>, 892 F.2d 23, 25 (3d Cir. 1989)).

    With respect to the Borough of Collingswood, Plaintiff was arrested by Collingswood police officers on December 22, 2006. On the same day, Collingwood police searched Plaintiff's apartment, seized some of his personal possessions, and allegedly planted contraband in his residence.  Plaintiff initially was charged with official misconduct.  Accordingly, on or around December 22, 2006, Plaintiff knew of his injuries and the misconduct of the Borough of Collingswood, through the actions of its Police Department.  Thus, the majority of Plaintiff's Section 1983 claims against the Borough accrued in or around December 2006.  Plaintiff did not file his current suit in this matter until approximately June or July of 2010, more than three years after the alleged transgressions.  Therefore, the majority of Plaintiff's Section 1983 claims are barred by the two-year statute of limitations.[8]

    As for his involvement with the Camden County Prosecutor's Office, Plaintiff's apartment was searched on December 22, 2006 and he accepted the prosecutor's plea offer some time between December 2006 and July 4, 2007, when he began to serve his house arrest.  After allegedly violating his probation in February

_____

    [8] Plaintiff also alleges that the Collingswood Police Department harassed and falsely charged him when he sought the return of his possessions which had been seized.  Those claims are addressed *infra*.

2008, Plaintiff was sentenced to about a year in jail and served most of the time before being released in July 2008.  To whatever extent the actions of the Camden County Prosecutor's Office may have been questionable when dealing with Plaintiff,[9] Plaintiff knew of those actions before July 2007 and in or around February 2008, respectively.  During those times, Plaintiff's Section 1983 causes of action accrued.  Therefore, because he did not pursue his claims until more than two years later, the statute of limitations has expired on those claims.

Lastly, Plaintiff names as a defendant the Camden County Correctional Facility (or, "CCCF").  Plaintiff alleges that while incarcerated in the CCCF, he had been mistreated.  However, whatever civil rights violations he may have suffered during his first stint in the CCCF, those violations must have occurred

---

[9] Aside from the statute of limitations, other legal obstacles hinder Plaintiff's Section 1983 claims against the Camden County Prosecutor's Office.  First, the doctrine of prosecutorial immunity may shield the Camden County Prosecutor's Office from potential liability.  See Ray v. State of New Jersey, 219 F. App'x 121, 124 (3d Cir. 2007) ("The doctrine [of prosecutorial immunity] protects an official acting in a prosecutorial capacity from liability for acts committed while initiating and pursuing a criminal prosecution and presenting the state's case in court" (citation and internal quotation marks omitted)).  Further, insofar as Plaintiff's cause of action may be construed as a claim of malicious prosecution, it is untenable.  Plaintiff does not allege sufficient facts to show that any representative of the Camden County Prosecutor's Office acted maliciously or in bad faith.  Moreover, Plaintiff has not demonstrated that any criminal proceeding ended in his favor or that the prosecutors lacked probable cause to proceed against him.  See Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007) (enumerating the elements of a malicious prosecution claim).

before October 12, 2007, the date on which he was released.
Therefore, the statute of limitations has expired for any claim
arising from that period of incarceration.  Further, in 2008,
Plaintiff again was detained in the CCCF.  However, the complaint
is devoid of any allegations that would give rise to a cause of
action against the CCCF for Plaintiff's second stint there.[10]

In response to Defendants' motions, Plaintiff argues,
without citing to any relevant authority, that this Court should
equitably toll the statute of limitations to keep his complaint
from being barred.  After reviewing the applicable law, the Court
cannot find a valid reason to apply the doctrine of equitable
tolling, the discovery rule, or any other tolling devices to this
case.  "Equitable tolling is an extraordinary remedy which should
be extended only sparingly."  Hedges, 404 F.3d at 751.  Moreover,
it is unavailable unless the plaintiff exercised due diligence in
pursuing his claims.  Id.

That Plaintiff is a *pro se* litigant does not, in and of
itself, entitle him to any leniency absent other exceptional
circumstances.  See Huertas v. City of Philadelphia, 188 F. App'x
136, 138 (3d Cir. 2006) (noting that plaintiff's "ignorance,
inexperience and pro se status . . . do not toll the statute of
limitations"); Randolph v. Sherrer, 2008 U.S. Dist. LEXIS 28075,

---

[10] The factual deficiencies of Plaintiff's complaint are
further addressed *infra*.

12

at *16 (D.N.J. Apr. 1, 2008) (noting that "ignorance of the law, even for a *pro se* prisoner, is not sufficient to relax the statute of limitations bar").  Similarly, the fact that Plaintiff was incarcerated or on probation does not constitute exceptional circumstances that would excuse Plaintiff from exercising due diligence in pursuing his claims.  See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. N.J. 1999).  Nor does Plaintiff's fear of retribution, alone, toll the statute of limitations.  Plaintiff suggests that he delayed in pursuing this action because he feared that Collingswood police or CCCF corrections officers would retaliate against him if he brought his suit sooner.  Absent any tangible actions that actually precluded Plaintiff from filing his complaint, Plaintiff's bare, conclusory assertion, in and of itself, cannot justify the tolling of the limitations period.[11]

Perhaps Plaintiff's most pointed argument is that the continuing violations doctrine should save his time-barred claims.  However, under the circumstances pled here, that tolling device is also unavailing.  In order to receive the benefit of

---

[11] Plaintiff sets forth some of his arguments against the statute of limitations in a series of briefs that were filed without leave of Court.  Nevertheless, addressing his assertions, the Court cannot agree that simply because Defendants had "a position of authority" over him, he was excused from filing his complaint in a timely manner.  After all, *pro se* inmates, who are subject to the authority of prison officials, are expected to bring their claims against prison officials within the period of time prescribed by law.

the doctrine -- often applied in employment contexts -- a
plaintiff bears the burden to prove that (1) at least one of the
defendant's unlawful acts occurred within the filing period, and
(2) the prior conduct was not isolated, sporadic, or
intermittent, but rather part of a continuing, ongoing pattern.
West v. Philadelphia Elec. Co., 45 F.3d 744, 754-755 (1995); see
also Smith v. Twp. of E. Greenwich, 519 F. Supp. 2d 493, 505
(D.N.J. 2007) ("The continuing violations doctrine allows a
'plaintiff [to] pursue a claim for discriminatory conduct if he
or she can demonstrate that each asserted act by a defendant is
part of a pattern and at least one of those acts occurred within
the statutory limitations period.'" (quoting Shepherd v.
Hunterdon Developmental Ctr., 803 A.2d 611, 614 (N.J. 2002))).
Assuming *arguendo* that within two years of this suit's
institution Defendants may have committed some unlawful act,[12]
Plaintiff does not carry his burden to demonstrate that any
relatively recent acts belong to a deliberate pattern of ongoing,
continuous violations sufficient to invoke the continuing
violations doctrine.

---

[12] Based on Plaintiff's complaint, it is entirely unclear,
and perhaps doubtful, that either the Camden County Prosecutor's
Office or the Camden County Correctional Facility committed any
actions that could be fairly construed as constitutional
violations within two years of the time when he filed this suit.
Insofar as either of those defendants may have committed an
offense within that period of time, the complaint fails to aver
the facts in a manner that clearly and sufficiently states a
claim upon which relief may be granted.

Despite his generalized, conclusory allegations that Defendants collectively conspired to harm him, at most Plaintiff presents episodic interactions he has had with officials and personnel from the Borough of Collingswood, the Camden County Prosecutor's Office, and the Camden County Correctional Facility. Nothing other than Plaintiff's own conjecture and speculation coalesces the alleged misconduct and the three independently named defendant-entities into a single chain of events. Accordingly, the occasions of purported unlawful misconduct in this matter are sporadic and discrete -- involving, for example, Plaintiff's arrest and plea agreement in one instance, and involving his incarceration and his ex-girlfriend in another -- and are allegedly perpetrated by different entities over the course of multiple years.  When considered individually and independently, the alleged misconduct of defendants, such as the search and seizure executed by Collingswood police officers and the inhumane treatment perpetrated by CCCF officials, are discrete acts actionable in and of themselves, and thus do not invoke the continuing violations doctrine.  See Mucci v. Rutgers, 2011 U.S. Dist. LEXIS 21580, at *42 (D.N.J. Mar. 3, 2011) (noting that continuing violations doctrine applies "if the defendant commits a series of 'acts which are not individually actionable but may be aggregated to make out' a claim," but does not apply "if the defendant's misconduct involves 'discrete acts [that] are

15

individually actionable'" (quoting O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006))).  Certainly, each of those unlawful acts allegedly committed by Defendants must have been, or at least should have been, apparent to Plaintiff at or around the time it occurred, respectively.

Therefore, for the reasons stated above, Defendants' motions to dismiss those claims barred by the statute of limitations are granted.[13]

### C.   Failure to State a Claim

For those claims based on events occurring within two years of the filing of the complaint, the Borough of Collingswood argues that Plaintiff fails to state a claim upon which relief may be granted.

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that: (1) the conduct challenged was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d

---

[13] The Court again notes that Plaintiff attempted to initially file a suit in the Eastern District of Pennsylvania in or around June 2010 -- apparently a month or so before he filed the present suit in this Court.  Were the Court to consider Plaintiff's current complaint filed in June 2010 for purposes of calculating and adjudicating the statute of limitations, the foregoing analysis would still apply and the aforementioned claims would still be time-barred as explained above.

Cir. 2005).  A municipality, however, cannot be held liable under
Section 1983 for the actions of its agents or employees under a
theory of *respondeat superior*.  <u>Groman v. City of Manalapan</u>, 47
F.3d 628, 637 (3d Cir. 1995).  Rather, "[w]hen a suit against a
municipality is based on § 1983, the municipality can only be
liable when the alleged constitutional transgression implements
or executes a policy, regulation or decision officially adopted
by the governing body or informally adopted by custom."  <u>Beck v.
City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996) (citing
<u>Monell v. New York City Dept. of Social Servs.</u>, 436 U.S. 658
(1978)).

In his complaint, Plaintiff makes vague allegations of
improper conduct by Collingswood police officers who supposedly
harassed and instituted charges against him when he sought the
return of his possessions which had been seized by law
enforcement officials.  Plaintiff offers very few details
surrounding the purported harassment.  He does not explain what
actions police officers took against him, except that they
charged him with harassment.  However, on the face of the
complaint, it is unclear whether those charges were illegitimate.
In fact, Plaintiff acknowledges that on one occasion he was
convicted and had to pay a fine due to one of those charges, and
that some of his belongings were eventually released.  Simply
put, Plaintiff does not articulate with requisite specificity and

clarity in what ways he was harassed, how many times he was harassed, or whether those acts constitute a violation of his legal rights.[14]  Further, he does not allege sufficient facts to sustain a Section 1983 claim against a municipality or its police department.

Therefore, the Borough of Collingwood's motion to dismiss is granted and Plaintiff's claims are dismissed, without prejudice.

### D.   Leave to Amend

For those claims that are time-barred by the statute of limitations, Plaintiff has no recourse.  However, for those claims that may have arisen within two years of the filing of his complaint, Plaintiff shall have another opportunity to articulate his cause of action.  A plaintiff is generally afforded leave to amend his or her civil rights complaint when it is dismissed for failure to state a claim, unless any amendment would be inequitable or futile.  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

As explained *supra*, Plaintiff has suggested that he was harassed by Collingswood police officers when he attempted to

---

[14] Plaintiff presents more detail concerning those incidents in a brief submitted without leave from the Court and filed more than five months after Defendants first moved to dismiss.  While the facts in that brief are more clearly stated than those in the complaint, they belong in an amended complaint and not an unauthorized filing.  Moreover, Plaintiff must ensure that his amended complaint provides sufficient statements of fact to satisfy federal pleading standards.

recover his belongings.  He also suggests that the Collingswood Police Department and the Camden County Prosecutor's Office have not returned all of his personal possessions.  Whether those allegations are sufficient to state a claim upon which relief may be granted is unknown at this time.  Nevertheless, Plaintiff is granted leave to amend his complaint to set forth his allegations.[15]  Without more, the Court does not find that inequity or futility should preclude leave to amend.

Therefore, Plaintiff shall have thirty (30) days from the date of this Opinion to amend his complaint in accordance with this Opinion.  However, if Plaintiff fails to satisfy the federal pleading standards, then Defendants may move again to dismiss his claims.

**E.  Default Judgment**

Plaintiff moves for default judgment against the Camden County Prosecutor's Office and the Camden County Correctional Facility because neither defendant has filed an answer to his complaint.  According to Defendants, default judgment is inappropriate because they filed motions to dismiss in lieu of

---

[15] Plaintiff also mentions that he was put on probation for violating a TRO that, for whatever reason, had not been finalized or did not exist.  Should Plaintiff believe that the circumstances surrounding the TRO constituted a cognizable violation of his civil rights, and if those actions occurred within two years of his filing, which they appear to have, then Plaintiff may present the appropriate facts and claims within his amended complaint.

answering Plaintiff's complaint.  Plaintiff acknowledges that both defendants have moved to dismiss his claims.

Pursuant to Federal Rule of Civil Procedure 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b).  However, notwithstanding a plaintiff's compliance with the Rule, "entry of a default judgment is left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).  "[T]he party making the request is not entitled to a default judgment as of right."  Franklin v. Nat'l Maritime Union, 1991 U.S. Dist LEXIS 9819, at **3-4 (D.N.J. 1991) (citation and internal quotation marks omitted).

Here, there is no basis to enter a default judgment.  First, Plaintiff has failed to comply with Rule 55 insofar as he did not obtain the entry of default by the Clerk of the Court.  Second, prior to Plaintiff's motion, Defendants responded to his action by moving to dismiss his claims.  In other words, Defendants have appeared in this case, and are litigating and defending themselves against Plaintiff's suit.

Therefore, Plaintiff's motion for default judgment is denied.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are granted.  Plaintiff shall have thirty (30) days from the date of this Opinion to amend his complaint in accordance with this Opinion.  Lastly, Plaintiff's motion for default judgment is denied.  An Order consistent with this Opinion will be entered.


Dated: June 28, 2011                    /s/ NOEL L. HILLMAN
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.

21