**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

SEAN P. MCGANN,

          Plaintiff,

   v.

COLLINGSWOOD POLICE
DEPARTMENT, et al.,

          Defendants.

Civil No. 10-3458 (NLH/KMW)

**OPINION**

**APPEARANCES:**

Sean P. McGann
4532 Walnut Street
Apartment B10
Philadelphia, Pennsylvania 19139
    *Pro Se*

Dean R. Wittman, Esquire
Matthew B. Wieliczko, Esquire
Zeller & Wieliczko, L.L.P.
Woodcrest Pavilion
10 Melrose Avenue
Suite 400
Cherry Hill, New Jersey 08003
    *Attorneys for Defendant Collingswood Police Department
    (Borough of Collingswood)*

Kerri E. Chewning, Esquire
Archer & Greiner, P.C.
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey 08033-0968

Elyse G. Cra, Esquire
Shimberg & Friel, P.C.
20 Brace Road
Suite 350
Cherry Hill, New Jersey 08034
    *Attorneys for Defendant Camden County Prosecutor's Office*

Catherine Binowski
Office of Camden County Counsel
50 Market Street
14th Floor Courthouse
Camden, New Jersey 08102
        *Attorney for Defendant Camden County Correctional Facility*

**HILLMAN, District Judge**

     This matter comes before the Court by way of Defendant Camden County Correctional Facility's motion [Doc. No. 44] to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Also before the Court is Defendant Camden County Prosecutor's Office's motion [Doc. No. 52] seeking to partially dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6).  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

     For the reasons expressed below, Defendants' motions to dismiss are granted.

**I.   JURISDICTION**

     In this case, Plaintiff has brought federal constitutional claims pursuant to 42 U.S.C. § 1983.[1]  The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

_____

1.  As noted in the Court's June 28, 2011 Opinion, "Plaintiff does not specifically cite Section 1983, but that statute poses the proper vehicle to advance his federal claims, constitutional in nature and alleging violations to his civil rights. Therefore, the Court ... construe[s] Plaintiff's claims as Section 1983 claims."  (Op. [Doc. No. 38] 2 n.1, June 28, 2011.)

2

II.   **BACKGROUND**

The Court previously set forth the detailed factual background of this case in its Opinion dated June 28, 2011. (Op. [Doc. No. 38] 3-7, June 28, 2011.) Accordingly, the Court sets forth here only those facts relevant to the present motions to dismiss Plaintiff's amended complaint.

As the Court recognized in the June 28, 2011 Opinion, Plaintiff originally alleged Section 1983 claims generally relating to the following incidents: (1) Plaintiff's December 22, 2006 arrest by the Collingswood Police Department[2] for suspicion of theft; (2) a subsequent search of Plaintiff's apartment that same day; (3) a resulting charge of official misconduct in 2006; (4) a related stay at a behavioral health facility; (5) Plaintiff's entry of a plea and subsequent sentence to six months of house arrest; (6) Plaintiff's first incarceration at Defendant Camden County Correctional Facility ("Defendant CCCF" or "the CCCF") in the fall of 2007; (7) Plaintiff's second incarceration at Defendant CCCF beginning in approximately February 2008; (8) a temporary restraining order filed by Plaintiff's former girlfriend and served on Plaintiff in 2008; and (9) alleged

---

2.  Although Plaintiff named the Collingswood Police Department as a Defendant in this action, the proper Defendant is the Borough of Collingswood, not the Collingswood Police Department. (Op. [Doc. No. 38] 1 n.1, June 28, 2011.)  Therefore, any reference in the remainder of this Opinion to the Collingswood Police Department or its members shall be construed to refer to the Borough of Collingswood.

harassment of Plaintiff by members of the Collingswood Police Department when Plaintiff attempted to collect pay for unused sick time and to obtain possession of his personal belongings seized during the 2006 search of his apartment.  (Id. at 3-6.)

Initially, all three Defendants moved to dismiss Plaintiff's original complaint.  By Opinion and Order dated June 28, 2011, the Court granted Defendants' motions to dismiss based on the fact that the majority of Plaintiff's Section 1983 claims were barred by the statute of limitations.  (Id. at 2, 16.)  With respect to the Borough of Collingswood, the Court found that any Section 1983 claims arising from the alleged misconduct of the Collingswood Police Department relating to Plaintiff's December 22, 2006 arrest, the search[3] of Plaintiff's apartment that same day, and the official misconduct charge, accrued in or around December 2006 and were barred by the two-year statute of limitations because Plaintiff did not file his complaint until approximately June or July of 2010.  (Id. at 10.)  The Court also granted the Borough of Collingswood's motion to dismiss Plaintiff's Section 1983 claims for failure to state a claim with regard to the allegations that members of the Collingswood Police Department harassed Plaintiff, in part, by filing multiple

---

3.  This includes Plaintiff's allegation that members of the Collingswood Police Department planted evidence of drug-related contraband in his apartment.  (Op. [Doc. No. 38] 4, June 28, 2011.)

harassment charges against Plaintiff for attempting to collect his personal belongings.  (Id. at 17-18.)  The Court concluded that Plaintiff made only "vague allegations" regarding this purported harassment and found that Plaintiff failed to "articulate with requisite specificity and clarity in what ways he was harassed, how many times he was harassed, or whether those acts constitute[d] a violation of his legal rights."  (Id. at 18.)

As to Defendant Camden County Prosecutor's Office ("Defendant CCPO" or "the CCPO"), the Court similarly determined that the statute of limitations barred any Section 1983 claims by Plaintiff against the CCPO relating to the December 2006 search, Plaintiff's acceptance of a plea agreement sometime between December of 2006 and July 4, 2007, and the February 2008 violation of probation which resulted in Plaintiff's subsequent incarceration in the CCCF.  (Id. at 10-11.)  The Court concluded that Plaintiff knew of the actions of Defendant CCPO before July 2007 and in or around February 2008, respectively, and thus any causes of action under Section 1983 accrued at those times and the statute of limitations had expired by the time Plaintiff filed his complaint in June or July of 2010.  (Id. at 11.)

Finally, with respect to Defendant CCCF, the Court noted that Plaintiff alleged facts indicating that he was incarcerated at the CCCF on two separate occasions.  (Id. at 11-12.)

5

Regarding Plaintiff's allegations that he was mistreated during the course of his 2007 incarceration at the CCCF, the Court found that any violation of Plaintiff's civil rights must have occurred before Plaintiff was released on October 12, 2007, and thus the statute of limitations barred any claim arising from Plaintiff's 2007 incarceration. (Id.) As to Plaintiff's 2008 incarceration at the CCCF which commenced in or around February 2008, the Court concluded that "the complaint [was] devoid of any allegations that would give rise to a cause of action against [Defendant] CCCF for Plaintiff's second" incarceration there. (Id. at 12.)

After dismissing the majority of Plaintiff's Section 1983 claims as time-barred by the statute of limitations, the Court granted Plaintiff leave to file an amended complaint with regard to those claims that "may have arisen within two years of the filing of" Plaintiff's complaint in June or July of 2010, and allowed Plaintiff to amend with regard to two narrow lines of claims. (Id. at 18.) First, the Court permitted Plaintiff to amend those allegations relating to the purported harassment Plaintiff suffered by members of the Collingswood Police Department when he attempted to retrieve his personal belongings, as well as the alleged failure of the Collingswood Police Department and Defendant CCPO to return his personal possessions from the December 2006 apartment search. (Id. at 19.) Second, after recognizing that Plaintiff's complaint was factually

6

insufficient to allege a Section 1983 claim against Defendant CCCF as to Plaintiff's 2008 incarceration at the CCCF, the Court permitted Plaintiff leave to amend the factual allegations in support of that claim.  (Id. at 12 n.10, 18-19.)

As directed by the June 28, 2011 Opinion and Order, Plaintiff filed an amended complaint with the Court on July 26, 2011.  (See generally Pl.'s Am. Compl. [Doc. No. 40].)  Defendant CCCF now moves to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6).  Defendant CCPO also moves to partially dismiss Plaintiff's amended complaint.

## III. **DISCUSSION**

In this case, Defendants invoke Federal Rule of Civil Procedure 12(b)(6) in seeking dismissal of Plaintiff's amended complaint.  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"

7

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949).  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211.  "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not "show[n]"- "that the pleader is entitled to relief."'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1949); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with

8

enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556).

A court need not credit "'bald assertions'" or "'legal conclusions'" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim

is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

## IV.   <u>ANALYSIS</u>

### A.   **Defendant CCPO's Motion to Partially Dismiss**

Defendant CCPO contends that Plaintiff's amended complaint "reiterates many of the allegations contained in the original [c]omplaint, including allegations of official misconduct and conspiracy." (Br. of Def. CCPO in Supp. of Mot. to Partially Dismiss Pl.'s Am. Compl. [Doc. No. 52] (hereinafter, "Def. CCPO's Mot. to Dismiss"), 3.) Defendant CCPO argues that pursuant to the Court's June 28, 2011 Opinion and Order, any allegations in the amended complaint regarding purported official misconduct or conspiracy on the part of Defendants must be dismissed with prejudice. (Def. CCPO's Mot. to Dismiss 4-5.) To the extent Plaintiff's amended complaint alleges theft of his personal property in accordance with the June 28, 2011 Opinion, Defendant CCPO filed an answer denying these allegations. (<u>Id.</u> at 5 n.1; <u>see generally</u> Def. CCPO's An. [Doc. No. 51].) The docket reflects that Plaintiff did not file opposition to Defendant CCPO's motion to partially dismiss the amended complaint.

Upon review, the Court notes that in both the original complaint and the amended complaint, Plaintiff alleges that various Defendants engaged in official misconduct and conspiracy

10

relating to the December 2006 search of his apartment.  (Compare Pl.'s Compl. [Doc. No. 1] ¶ 6, with Pl.'s Am. Compl. [Doc. No. 41] ¶ 1.)  However, the Court previously dismissed any claims arising from the events of December 2006 as being time-barred by the statute of limitations.  (Op. [Doc. No. 38] 10-11, June 28, 2011.)  Moreover, the Court recognized in the June 28, 2011 Opinion that Plaintiff had "no recourse" for "those claims that [were] time-barred by the statute of limitations[.]"  (Id. at 18.)  Accordingly, the Court grants Defendant's CCPO's motion to partially dismiss Plaintiff's complaint.  Thus, to the extent Plaintiff's amended complaint re-alleges claims which the Court previously dismissed as barred by the statute of limitations, the dismissal of those claims was with prejudice as amendment would be futile and the claims are hereby stricken from Plaintiff's amended complaint.  Cf. Millman v. Subaru of Am., Inc., No. 07-4846, 2009 WL 197527, at *2, 5 (granting defendant's motion to dismiss counts one and two of plaintiff's second amended complaint where plaintiff re-alleged those counts despite the court's prior dismissal with prejudice of those same counts).

**B.   Defendant CCCF's Motion to Dismiss**

Defendant CCCF argues that Plaintiff's amended complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted as to Defendant CCCF because Plaintiff's amended complaint "simply contains bald assertions

and legal conclusions that [Defendant CCCF] violated
[Plaintiff's] 4th Amendment rights[.]" (Br. in Supp. of Mot. to
Dismiss in Lieu of Filing an Answer to Am. Compl. on Behalf of
Def. CCCF [Doc. No. 44] (hereinafter, "Def. CCCF's Mot. to
Dismiss"), 4.)  Defendant CCCF makes three primary arguments in
seeking to dismiss Plaintiff's amended complaint.  First,
Defendant CCCF contends that Plaintiff's claims regarding a Terry
stop, a search of his person, and detaining Plaintiff without
probable cause during his 2008 incarceration at the CCCF are
"nothing more than labels and conclusions of law which clearly do
not satisfy the minimum standards for pleading a cause of
action."  (Id.)

    Second, Defendant CCCF asserts that Plaintiff's amended
complaint fails to allege sufficient facts to sustain a Section
1983 under Monell because Plaintiff does not identify a
challenged policy or custom that is attributable to the County,
nor does Plaintiff show a causal connection between the execution
of such a policy and Plaintiff's alleged injury.  (Id. at 6.)
Defendant CCCF argues that under Monell the CCCF cannot be held
liable on the basis on the basis of respondeat superior simply
for employing an alleged tortfeasor.  (Id. at 5-6.)  According to
Defendant CCCF, Plaintiff's amended complaint against the CCCF
fails to state a claim upon which relief can be granted because
Plaintiff cannot demonstrate a municipal policy or custom existed

12

which caused an employee to violation Plaintiff's rights.  (<u>Id.</u> at 6.)

Finally, Defendant CCCF argues for a second time that Plaintiff's claims of alleged civil rights violations are barred by the statute of limitations because Plaintiff's cause of action accrued in 2007 during Plaintiff's first incarceration at the CCCF.  (<u>Id.</u> at 7-8.)  In making this argument, Defendant CCCF notes that in Plaintiff's original complaint, Plaintiff alleged that during the 2007 incarceration, Plaintiff learned from Corrections Officer Richard Ellis that his former girlfriend was involved in a sexual relationship with another Corrections Officer — one, Ron Maksymowicz.  (<u>Id.</u> at 8; <u>see also</u> Pl.'s Compl. [Doc. No. 1] ¶ 17.)  Defendant CCCF correctly points out that any claims arising from Plaintiff's 2007 incarceration at the CCCF are time-barred by the statute of limitations.  (Def. CCCF's Mot. to Dismiss 8.)

With respect to the allegations in Plaintiff's amended complaint concerning Plaintiff's 2008 incarceration, Defendant CCCF asserts that Plaintiff now "coincidentally" alleges that Corrections Officer Ron Maksymowicz confronted Plaintiff in July 2008 while at the CCCF regarding Maksymowicz's sexual relationship with Plaintiff's former girlfriend and an alleged speeding ticket.  (Def. CCCF's Mot. to Dismiss 8, 8 n.1; <u>see also</u> Pl.'s Am. Compl. ¶ 20.)  According to Defendant CCCF, at this

juncture, Plaintiff is only alleging that this incident occurred in July of 2008 because "his civil rights claims involving his 2007 incarceration" were dismissed.  (Def. CCCF's Mot. to Dismiss 8.)  Defendant CCCF also represents that this incident involves "similar conduct" as alleged in the original complaint.  (Id.) Thus, Defendant CCCF appears to argue that Plaintiff's allegations regarding the July 2008 incident at the CCCF actually occurred in 2007 and thus are time-barred by the statute of limitations.  (Id.)

### 1. Statute of Limitations Issue

Defendant CCCF's contention that Plaintiff merely alleges the July 2008 incident in order to bring his claim against Defendant CCCF within the statute of limitations warrants a closer examination of the allegations in the original complaint as compared to those in the amended complaint.  With regard to Plaintiff's 2008 incarceration which commenced in approximately February of that year, Plaintiff originally alleged only the following:

> 19. On February 3, 2008 I was arrested in Philadelphia and placed in the Philadelphia Prison System for I was a Fugitive Felon for violating probation.
> 20. I was transferred to [the] Camden County Correctional Facility approximately 2 weeks later.
> 21. I was advised that the Prosecution wanted to give me 3 years in prison for violating my probation.  They ultimately agreed to give me a 364 day sentence with no probation.  I served 212 days of the sentence and was

14

released in mid July 2008.

(Pl.'s Compl. ¶¶ 19-21.)  It is clear from the original complaint that Plaintiff made no previous allegations regarding any alleged encounter with Corrections Officer Maksymowicz or any alleged misconduct by Officer Maksymowicz in July of 2008.  In fact, Plaintiff clearly sets forth that he was released in "mid July 2008[.]"  (Id. ¶ 21.)  The only mention of Corrections Officer Maksymowicz in the original complaint alleges only that Corrections Officer Richard Ellis informed Plaintiff during his 2007 incarceration that Corrections Officer Maksymowicz was engaged in a sexual relationship with Plaintiff's former girlfriend.  (Id. ¶ 17.)

By contrast, in the amended complaint, Plaintiff alleges for the first time that:

> In July, 2008 while incarcerated in the Camden County Correctional facility, I was on my way to court when I was approached by Officer Maksymowics [sic] and he said, "Are you the ... cop that gave me a speeding ticket?" then he stated, "you do know that I am [engaged in a sexual relationship with] your girlfriend?"  I did not know this officer until this incident.  He did make these statements in front of other inmates, making it a danger to my safety.  I was scared greatly. ... I do have a witness to this incident, but I wish to keep his name confidential for now.

(Pl.'s Am. Compl. ¶ 20.)  Based on this alleged incident, Plaintiff purportedly contends that "Defendant (Camden County Correctional Facility) ... clearly violated [Plaintiff's] 4th Amendment Rights ... specifically by conducting a Terry Stop,

15

searching [Plaintiff's] person, and detaining [Plaintiff], restricting [Plaintiff's] liberty, without probable cause ... causing [Plaintiff] to feel intimidated and fearful of correctional officers."  (Id. at 4.)

It may appear suspect to Defendant CCCF that after the Court's previous dismissal of time-barred claims, Plaintiff now alleges an incident not previously set forth in the original complaint, regarding similar facts and involving similar individuals, because these allegations effectively bring Plaintiff's Section 1983 claim within the statute of limitations regarding Plaintiff's 2008 incarceration.  However, in ruling on this motion to dismiss, the Court must accept all allegations in Plaintiff's amended complaint as true and view them in the light most favorable to Plaintiff, even in the face of Defendant CCCF's suspicions.  Evancho, 423 F.3d at 350.  Accepting these factual allegations as true and viewing them in the light most favorable to Plaintiff, the Court cannot find that Plaintiff's Section 1983 claim regarding the 2008 incarceration is time-barred by the statute of limitations at this time.

As set forth in the Court's June 28, 2011 Opinion, Plaintiff's Section 1983 claim regarding his 2008 incarceration at the CCCF is subject to a two-year statute of limitations and his claim accrued at the time Plaintiff knew or had reason to know of his injury.  See Fullman v. Pa. Dep't of Corr., 265 F.

App'x 44, 46 (3d Cir. 2008); N.J. STAT. ANN. § 2A:14-2(a).  Based
on the allegations in the amended complaint, Plaintiff knew or
had reason to know of his encounter with Corrections Officer
Maksymowicz and any resulting violation of his rights sometime in
July 2008 prior to his release from the CCCF.[4]  Accordingly, any
potential claim relating to Plaintiff's 2008 incarceration
accrued at that time and thus the statute of limitations on such
a claim expired sometime in July of 2010.

Defendant's correctly point out that Plaintiff's original
complaint in this action in the District of New Jersey was
received by the Clerk of Court on July 7, 2010 and docketed on
July 8, 2010.  However, attached as an exhibit to Plaintiff's
original complaint is an Order dated June 21, 2010 signed by the
Honorable Juan Sanchez, U.S.D.J., in the Eastern District of
Pennsylvania, dismissing a civil rights complaint by Plaintiff
against the same Defendants in the present suit.  (Ex. to Pl.'s
Compl. [Doc. No. 1-1] 1.)  It is apparent from the existence of
Judge Sanchez's Order that Plaintiff at least attempted to bring
this suit sometime prior to June 21, 2010 in the Eastern District
of Pennsylvania.  Moreover, Plaintiff's original complaint and
its attachments as submitted in the District of New Jersey are

---

4. Plaintiff does not allege the specific date in July of 2008
on which the alleged encounter with Corrections Officer
Maksymowicz occurred.  Accordingly, whether or not the statute of
limitations expired before Plaintiff brought this claim is
unclear.

all signed and dated by Plaintiff June 28, 2010.  (See generally
Pl.'s Compl [Doc. No. 1].)  With respect to the newly amended
allegations regarding Plaintiff's 2008 incarceration in the CCCF,
the Court is unable to determine whether Plaintiff's claim is
barred by the statute of limitations because the precise date of
the incident is not alleged in the amended complaint.  Thus,
Defendant CCCF's motion to dismiss cannot be granted on the basis
of the statute of limitations.

### 2.   Failure to State a Claim for Monell Liability

Although the record is unclear regarding whether Plaintiff's
claim is time-barred, the Court need not resolve the statute of
limitations issue to rule on the pending motion to dismiss
because even if Plaintiff's claim was timely, Plaintiff's amended
complaint fails to allege facts sufficient to support any Section
1983 claim against Defendant CCCF based on the alleged misconduct
of Corrections Officer Maksymowicz in July of 2008.  As Defendant
CCCF correctly argues, "a municipality cannot be held liable
under § 1983 on a respondeat superior theory."  Marvel v. Cnty.
of Delaware, 397 F. App'x 785, 790 (3d Cir. 2010) (citing Monell
v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978)).

Accordingly, "there are two ways that a plaintiff can
establish municipal liability under § 1983: policy or custom."
Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007).
"Under Monell, a plaintiff shows that a policy existed when a

18

decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." <u>Watson</u>, 478 F.3d at 155 (citation and internal quotations omitted). Alternatively, "[a] plaintiff may establish a custom ... by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.  In other words, custom may be established by proving knowledge of, and acquiescence to, a practice." <u>Id.</u> at 155-56 (citation and internal quotations omitted).  "In addition to proving that an unlawful policy or custom existed, a plaintiff also bears the burden of proving that such a policy or custom was the proximate cause of the injuries suffered." <u>Id.</u> at 156.

Here, Defendant CCCF argues, and the Court agrees, that Plaintiff has failed to meet the requirements to establish municipal liability in this case.  With respect to Defendant CCCF, the allegations of Plaintiff's amended complaint, set forth above, merely identify one specific encounter between Plaintiff and Corrections Officer Maksymowicz and Plaintiff's general contention that Defendant CCCF violated Plaintiff's Fourth Amendment rights.  (<u>See</u> Pl.'s Am. Compl. ¶ 20; <u>see also</u> Pl.'s Am. Compl. 4.)  Even accepting these factual assertions as true and viewing them in the light most favorable to Plaintiff, the amended complaint fails to identify any policy or custom on the

part of Defendant CCCF that would support a Section 1983 claim

for liability under Monell.  Moreover, the amended complaint

similarly fails to demonstrate how any such policy or custom was

the proximate cause of Plaintiff's alleged injuries.[5]

Accordingly, the Court grants Defendant CCCF's motion to dismiss.

---

5.  On September 19, 2011, Plaintiff filed a brief in opposition
to Defendant CCCF's motion to dismiss.  (See generally Br. in
Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss [Doc. No. 45].)
Plaintiff's opposition was untimely, and Defendant CCCF objected
to the filing of Plaintiff's late opposition and requested that
the Court not considered them.  (Def.'s Response [Doc. No. 46]
1.)
     By letter dated September 30, 2011, Plaintiff requested that
the Court consider the September 19, 2011 opposition in ruling on
the motion to dismiss because Plaintiff believed he had thirty
days to oppose the motion.  (See September 30, 2011 Letter [Doc.
No. 54] 1.)  Plaintiff apparently believed that he was entitled
to thirty days to file his opposition based on a document
entitled, "Federal Court Civil Complaint Timeline", wherein it
appears to indicate a thirty day deadline for opposing a motion
to dismiss.  (Id. at 2.)
     It is unclear to the Court where Plaintiff obtained this
"Timeline", but the Court recognizes that given Plaintiff's pro
se status, it was reasonable for Plaintiff to believe he had
thirty days to file his opposition papers.  Accordingly, the
Court considered Plaintiff's opposition papers in ruling on the
motion to dismiss.
     However, nothing in Plaintiff's opposition can save
Plaintiff's amended complaint from being dismissed as to
Defendant CCCF.  Although Plaintiff alleges more detail in his
opposition regarding the purported July 2008 encounter with
Corrections Officer Maksymowicz, Plaintiff's opposition similarly
fails to allege a claim under Monell.  While Plaintiff argues
that Defendant CCCF knew that corrections officers have the power
to arrest individuals and had a duty to keep inmates safe, these
allegations are insufficient to allege a custom or practice under
Monell.  Moreover, Plaintiff's assertion that officials at
Defendant CCCF knew of the sexual relationship between
Plaintiff's former girlfriend and Officer Maksymowicz and should
have "ensured that contact between" these men would not take
place, also cannot serve as a basis for Monell liability.

Therefore, Plaintiff's claims against Defendant CCCF are dismissed with prejudice, and the CCCF is terminated as a Defendant in this action.

**V.    CONCLUSION**

For the foregoing reasons, Defendant CCCF's motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) is granted.  Plaintiff's claims against Defendant CCCF are dismissed with prejudice, and Defendant CCCF is terminated as a Defendant in this action.  Additionally, Defendant CCPO's motion to partially dismiss Plaintiff's amended complaint is granted. Therefore, to the extent Plaintiff's amended complaint re-alleges claims which the Court previously dismissed as barred by the statute of limitations, the dismissal of those claims was with prejudice as amendment would be futile and the claims are hereby stricken from Plaintiff's amended complaint.  An Order consistent with this Opinion will be entered.


Dated: March 22, 2012            /s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

21